SMITH ET AL., PLAINTIFFS IN ERROR, v. STARK ET AL.,
DEFENDANTS IN ERROR.

1. NOTICE BY RECORD.
The record of a mortgage upon real estate charges subsequent pur-
chasers thereof with notice of the incumbrance.
2. SUBSEQUENT PURCHASERS—BURDEN OF PROOF.
Purchasers with notice of incumbrance are in no sense innocent, and if
they desire to exempt the property from the obligation of the in-
cumbrance by proof that the paper it was executed to secure has
been liquidated, the burden is upon them to show it.
3. EVIDENCE.
The production of the note by the plaintiff at the trial, showing pay-
ment of interest months after the date of its alleged payment, is
sufficient to overcome any presumption arising from the record of
a satisfaction of a mortgage securing a note of like description.

*Error to the District Court of Montrose County.*

Mr. HUGO SELIG, for plaintiffs in error.

Mr. THOMAS J. BLACK, for defendants in error.

BISSELL, P. J., delivered the opinion of the court.

The administrators of H. E. Volkman began this suit in
the district court of Montrose county to recover the amount
due on a promissory note made by one Thomas E. Fenlon,
and to foreclose a mortgage given on certain property to se-
cure the payment of the paper. The note was dated on
October 20, 1888, and was for $500, due one year after date,
with a specified interest. The mortgage covered certain lots
in the town of Montrose. Fenlon, the mortgagor, and Smith
and Heil, the plaintiffs in error, who were grantees of Fenlon
subsequent to the date of the mortgage, were made parties.
The only defense was by these subsequent grantees, who set
up in their answer that the note which the mortgage was
given to secure had been paid before the transfer to them,

and the mortgage was therefore not a security for its payment. Fenlon answered, although he failed to appear at the trial, and he defended also on the ground that the note had been paid, but principally on another ground, which will be stated, in order to make this controversy intelligible. Otherwise than for this, that particular defense will not be considered. Fenlon set up in his answer that at the time the note was made, October, 1888, he gave a mortgage on certain property in the town of Montrose, which was the same property embraced in the instrument in suit. He alleged that afterwards, in the following May, it was agreed between the parties that the mortgage should be satisfied, and he should execute a new one, which should cover property other than that named in the original instrument. He set up, of course, that there was a mistake, and that by reason of the error the mortgage erroneously covered the property which he afterwards deeded to Heil and Smith. There was no proof of these facts, but they serve to explain and make clear the theory of the plaintiffs in error and their contention before the court. As already stated, on May 8, 1889, the mortgage on which the present action was based was delivered to Volkman, who then held the note which was made in October, 1888. It was at that time unpaid, and remained unpaid at the time of his death, and was in the possession of the administrators at the time of suit, who produced it in court. The indorsements on the back of the note showed that Fenlon had paid the interest on the paper from the time it was made up to December, 1890. At the trial, Heil and Smith admitted the mortgage, its execution, delivery and record, and the administrators produced the note, which showed nothing paid other than the interest, which was satisfied on December 2, 1890, by the debtor. The grantees, Heil and Smith, then offered to prove that on May 8, 1889, in Book 3, on page 189 of the records of Montrose county, there appeared a satisfaction of the note described in the mortgage, and that in the same book, on page 205, a similar satisfaction was recorded. This evidence was admitted, but what it was appears neither in

the bill of exceptions nor anywhere in the record. It was not shown that the note was surrendered, nor that it in fact was paid, and the proof amounted to nothing more, so far as we can gather, than evidence that a note of the date, description and amount of the one sued on had been marked satisfied on the record.

The plaintiffs in error now seriously contend that under section 234 of the General Statutes of Colorado this operated as a payment of the note, and as to the subsequent grantees precludes the original mortgagee and his representatives from foreclosing their security. This statute in general provides that when payment of the amount due on a mortgage has been made, and the mortgagee shall enter satisfaction on the record therefor, the receipt shall operate as a release, and a reconveyance of the property to the mortgagor. Without construing the section or determining its legal effect, where the proof might be that a mortgage had been satisfied and the receipt indorsed on the margin of the record without more, it is enough to say that subsequently to the date of this alleged recorded satisfaction the owner of the property executed a new security—to wit, the one in suit—upon the same property to secure the payment of a note of the same description, or to secure the payment of the note described in the receipt as having been satisfied. It further appears that the note was in the possession of the deceased long after this alleged satisfaction, and the maker paid interest on it up to December, 1890, and it was produced in court by the plaintiffs at the time of the trial. These circumstances are ample to rebut any presumption of payment arising from the record, and the proof therefore cannot be held to substantiate the plea of payment put in by Heil and Smith. The new mortgage was on record prior to the time of the conveyance to them, and they were charged with notice that the property was covered by this incumbrance executed to secure either the note originally made or one like it, and of the same date and in the same terms. They were therefore in no sense innocent purchasers, and, if they desired to exempt the prop-

erty from the obligation of an evidently valid incumbrance by proof that the paper it was executed to secure had been liquidated, the burden was on them to show it. This duty which the law casts on them is not discharged by the simple production of a copy of that receipt from the record, even though in terms it amounts to a declaration of payment, although, of course, we are unadvised as to this fact, since the receipt is not in evidence and not before us. But regardless of this consideration, we are of the opinion that the production of the note at the time of the trial showing the payment of interest months after the date of the alleged receipt was sufficient to overcome any presumption arising from the record, and left the burden still on the defendants who asserted payment to show that the note had in fact been satisfied. They offered no proof on this question, and, having set up no other defence, it must be adjudged that the security is enforceable, the note still due, and that the representatives have the right to collect it.

There being no error apparent in the record, the judgment will be affirmed.

*Affirmed.*